**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Western</u>_____ District of <u>North Carolina</u>
                          (State)

Case number (*If known*): _____ Chapter <u>11</u>____

❑ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | LTL Management LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | f/k/a Chenango One LLC |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 8 7 – 3 0 5 6 6 2 2 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 501       George Street | |
| Number    Street | Number      Street |
| | P.O. Box |
| New Brunswick      NJ      08933 | |
| City            State    ZIP Code | City              State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Middlesex County | |
| County | Number      Street |
| | North Carolina |
| | City              State    ZIP Code |

5. **Debtor's website (URL)**       https://dm.epiq11.com/LTL

Debtor    LTL Management LLC
_____
          Name                                              Case number (*if known*)_____

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

  6   7   1   9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    <u>LTL Management LLC</u>    Case number (if known)_____
Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes.    District _____    When _____    Case number _____
                                      MM / DD / YYYY
             District _____    When _____    Case number _____
                                      MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☑ No
    ☐ Yes.    Debtor _____    Relationship _____
             District _____    When _____
                                      MM / DD / YYYY
             Case number, if known _____

11. **Why is the case filed in *this* district?**

    Check all that apply:

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                               Number    Street

                               _____
                               City                          State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____

       Contact name _____

       Phone _____

---

### Statistical and administrative information

---

| Debtor | LTL Management LLC | | Case number (if known) |
|---|---|---|---|
| | Name | | |

**13.** **Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☑ 25,000-50,000
☐ 50,001-100,000
☐ More than 100,000

**15.** **Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16.** **Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.** **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10 / 14 / 2021
MM / DD / YYYY

✗ _____          John K. Kim _____
Signature of authorized representative of debtor          Printed name

Title  Chief Legal Officer _____

Debtor    LTL Management LLC
_____
Name

Case number (if known)_____

**18. Signature of attorney**    ✖ /s/ Gregory M. Gordon
_____
Signature of attorney for debtor

Date    10/14/2021
_____
MM    / DD / YYYY

Gregory M. Gordon
_____
Printed name

Jones Day
_____
Firm name

2727        North Harwood Street
_____
Number        Street

Dallas
_____
City

TX
_____
State

75201
_____
ZIP Code

(214) 220-3939
_____
Contact phone

gmgordon@jonesday.com
_____
Email address

08435300
_____
Bar number

TX
_____
State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  N/A            .

2. The following financial data is the latest available information and refers to the debtor's condition on October 12, 2021

    a. Total assets                            $ Undetermined

    b. Total debts (including debts listed in 2.c., below)    $ Undertemined

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ N/A | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ N/A | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ N/A | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ N/A | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ N/A | |

    d. Number of shares of preferred stock    N/A
    e. Number of shares common stock    N/A

    Comments, if any:  N/A

3. Brief description of debtor's business:  Debtor LTL Management LLC manages and defends thousands of talc-related claims and oversees the operations of its subsidiary, Royalty A&M LLC

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
N/A

## SECRETARY'S CERTIFICATE

October 14, 2021

John K. Kim, in his capacity as Secretary of LTL Management LLC, a North Carolina limited liability company (the "Company"), hereby certifies that (1) the resolutions attached hereto as Exhibit A (the "Resolutions") are a complete and accurate copy of the resolutions adopted on October 14, 2021 by the board of managers of the Company related to the authorization of the Company to file a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Western District of North Carolina (the "Chapter 11 Case") and (2) all the Resolutions are in full force and effect and are all the resolutions adopted in connection with the filing of the Chapter 11 Case as of the date hereof.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned has executed and delivered this certificate as of the date first written above.

LTL MANAGEMENT LLC,
a North Carolina limited liability company

By:

Name: John K. Kim
Title:  Secretary

**EXHIBIT A**

<u>Resolutions</u>

# LTL MANAGEMENT LLC

## Resolutions

### October 14, 2021

## Chapter 11 Filing

**WHEREAS**, the board of managers (the "Board") of LTL Management LLC, a limited liability company organized and existing under the laws of the State of North Carolina (the "Company") has: (1) carefully reviewed the materials and other information presented by the management and the advisors of the Company regarding the Company's talc-related liabilities, and other relevant information; (2) thoroughly evaluated the Company's strategic alternatives, including a possible bankruptcy filing; (3) conferred with the Company's management and advisors regarding these matters; and (4) determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") is in the best interests of the Company and its stakeholders; and

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other interested parties that the Company seek relief under the Bankruptcy Code;

**FURTHER RESOLVED**, that the Company be, and it hereby is, authorized to file a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Western District of North Carolina or such other court as any of the managers of the Company, the officers of the Company and their designees (collectively, the "Authorized Persons") may determine to be necessary, desirable or appropriate (the "Bankruptcy Court") and perform any and all such other acts as any Authorized Person may determine to be necessary, desirable or appropriate to effect any of the foregoing, with the filing of such Petition or performance of such other act to be conclusive evidence of such determination; and

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to: (1) execute, acknowledge, deliver and verify, and cause to be filed with the Bankruptcy Court, the Petition and all other ancillary documents, with each in such form, as any Authorized Person may determine to be necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (2) execute, acknowledge, deliver, verify and file, or cause to be filed, all petitions, schedules, statements, lists, motions, complaints, declarations, applications, notices and other papers or documents, with each in such form, as any Authorized Person may determine to be necessary, desirable or appropriate in connection with the foregoing; and (3) execute, acknowledge, deliver and verify any and all other documents, with each in such form, as any Authorized Person may determine to be necessary, desirable or appropriate in connection therewith and to administer the Chapter 11 Case, including by executing, acknowledging, delivering, verifying and filing, or causing to be filed, such petitions, schedules, statements, lists, motions, complaints, declarations, applications, notices and other papers or documents as may be determined to be necessary, desirable or appropriate in connection with the Chapter 11 Case; all with the taking of any such action, including any such execution,

acknowledgment, delivery, verification or filing, to be conclusive evidence of such determination.

## Retention of Professionals

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to retain (1) Jones Day, (2) Rayburn Cooper & Durham, P.A., (3) King & Spalding LLP, (4) Shook, Hardy & Bacon L.L.P., (5) McCarter & English, LLP, (6) Bates White, LLC, (7) AlixPartners, LLP and (8) such additional professionals, including attorneys, accountants, financial advisors, actuaries, consultants or agents (together with the foregoing identified firms, the "Professionals"), as any Authorized Person may determine to be necessary, desirable or appropriate in connection with the Chapter 11 Case and other related matters, and to execute, deliver and perform retention agreements with the Professionals in such form and reflecting such terms as any Authorized Person may approve, all with the retention of any Professional to be conclusive evidence of such determination and approval; and

**FURTHER RESOLVED**, that the law firms of Jones Day and Rayburn Cooper & Durham, P.A. and any additional special or local counsel selected by any Authorized Persons be, and each of them hereby is, authorized, directed and empowered to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against the Company under the Bankruptcy Code, including the Chapter 11 Case.

## QSF Settlement Facility

**WHEREAS**, the Company intends to commence the Chapter 11 Case in the Bankruptcy Court in accordance with the foregoing resolutions;

**WHEREAS**, the Company, as payee, and Johnson & Johnson ("J&J") and Johnson & Johnson Consumer Inc. ("JJCI"), as payors, are parties to that certain Amended and Restated Funding Agreement, dated as of October 12, 2021 (the "Funding Agreement"), which Funding Agreement is available to provide the Company with funding for, among other things, the funding of one or more trusts established under the Bankruptcy Code for the benefit of current and future talc claimants as provided in a plan of reorganization for the Company to the extent the Company's other assets are insufficient to satisfy the Company's liabilities in connection with such plan and subject to the limitations set forth therein;

**WHEREAS**, the Company desires, with the support of J&J and JJCI, to create a "qualified settlement fund" under section 468B of the Internal Revenue Code of 1986, as amended, for the purpose of resolving and satisfying current and future talc-related claims asserted against or related to the Company (the "Settlement Facility"), with J&J and JJCI to provide the Settlement Facility with aggregate funding of $2 billion in cash; and

**WHEREAS**, the Debtor desires to provide for the creation, funding and administration of the Settlement Facility in accordance with the terms of the settlement facility agreement, in substantially the form presented to the Board, with J&J, JJCI and the trustee thereunder (the "Settlement Facility Agreement").

**NOW, THEREFORE, BE IT RESOLVED**, that it is desirable and in the best interest of the Company, its creditors and other interested parties that the Company enters into the Settlement Facility Agreement;

**FURTHER RESOLVED**, that the Settlement Facility Agreement, and all of the terms and provisions thereof and transactions contemplated thereby, be, and each of them hereby is, approved by the Board;

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, in the name and on behalf of the Company, to file with the Bankruptcy Court in the Chapter 11 Case a motion to approve the Settlement Facility Agreement and the establishment of the Settlement Facility pursuant thereto and perform any and all such other acts as are reasonable, advisable, expedient, convenient, proper or necessary to establish the Settlement Facility pursuant to the Settlement Facility Agreement, with the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, propriety or necessity thereof; and

**FURTHER RESOLVED**, that, subject to the approval of the Settlement Facility Agreement and the establishment of the Settlement Facility by the Bankruptcy Court, the Authorized Persons be, and each of them hereby is, authorized to execute, deliver and perform, in the name and on behalf of the Company, the Settlement Facility Agreement, with such modifications thereto as any Authorized Person may determine to be reasonable, advisable, expedient, convenient, proper or necessary, with the execution and delivery of the Settlement Facility Agreement to be conclusive evidence of such determination.

## General Authority

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized and empowered to execute and deliver such additional agreements, instruments and documents, and to take such other actions (including the payment of costs and expenses), in the name and on behalf of the Company, in each case, as any Authorized Person may determine to be necessary, desirable or appropriate to implement the purposes and intent of the foregoing resolutions, with the execution and delivery of any such agreement, instrument or document or taking of any such action by any Authorized Person to be conclusive evidence of such determination;

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized and empowered to certify and furnish to any person or entity such copies of the resolutions set forth herein, and to certify to any person or entity that the resolutions set forth herein have been duly adopted by the Board, are in full force and effect and are in conformity with the Articles of Organization and Conversion of the Company and the Operating Agreement of the Company, as any Authorized Person may determine to be necessary, desirable or appropriate to implement the purposes and intent of the foregoing resolutions, with the certification and furnishing of such copies or the certification of such matters to be conclusive evidence of such determination; and

**FURTHER RESOLVED**, that, in the event that any Authorized Person determines a specific form of resolutions is necessary or advisable in connection with the implementation of

the purposes and intent of the foregoing resolutions, resolutions in such form be, and they hereby are, adopted by the Board as if such resolutions were expressly set forth herein and that any Authorized Person be, and each of them hereby is, authorized and empowered to certify and furnish to any person or entity copies of such resolutions, and to certify to any person or entity that such resolutions have been duly adopted by the Board, are in full force and effect and are in conformity with the Articles of Organization and Conversion of the Company and the Operating Agreement of the Company, with the certification and furnishing of such copies or the certification of such matters to be conclusive evidence of such determination.

**<u>Ratification</u>**

**RESOLVED**, that all actions taken in the name and on behalf of the Company prior to the adoption of these resolutions that would have been authorized by the foregoing resolutions had they been taken after the adoption of these resolutions be, and each of them hereby is, approved, adopted, ratified and confirmed in all respects.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-_____ |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

**LTL MANAGEMENT LLC**

Check one:  __X__ DEBTOR   ___ PLAINTIFF   ___ DEFENDANT   ___ OTHER (specify):

*Instructions: Federal Rule of Bankruptcy Procedure 7007.1 requires corporate parties to an adversary proceeding, other than the debtor or a governmental unit, to file a statement of corporate ownership with the first pleading filed. Similarly, Federal Rule of Bankruptcy Procedure 1007(a)(1) requires corporate debtors to file a corporate ownership statement with their petitions containing the information described in Rule 7007.1. Check one of the statements set forth below and provide any information as directed.*

☒ **1. The following corporations directly or indirectly own 10% or more of any class of the above named corporate debtor's/party's equity interests:[2]**

DePuy Synthes, Inc.
700 Orthopaedic Drive
Warsaw, IN 46582

Janssen Pharmaceuticals, Inc.
1125 Trenton-Harbourton Rd.
Titusville, NJ 08560

Johnson & Johnson Consumer Inc.
199 Grandview Road
Skillman, NJ 08558

---

1    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2    The corporations are listed in alphabetical order.

Johnson & Johnson International
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

☐ 2.  There are no entities that directly or indirectly own 10% or more of any class of the above named corporate debtor's/party's equity interests.

Date:  October 14, 2021

/s/ John K. Kim
Signature of Authorized Individual for Corporate Debtor/Party

John K. Kim
Printed Name of Authorized Individual for Corporate Debtor/Party

Chief Legal Officer
Title of Authorized Individual for Corporate Debtor/Party

```
Fill in this information to identify the case:

Debtor name:  LTL Management LLC

United States Bankruptcy Court for the Western District of North Carolina

Case Number (if known): _____
```

☐ Check if this is an
amended filing

# Chapter 11 Case:  List of 30 Law Firms With the Most Significant Representations of Talc Claimants

The following is an alphabetical list of the law firms with the most significant representations of parties with talc claims against LTL Management LLC, as debtor (the "**Debtor**"), based on the volume of filings or other related factors, across the major types of claims faced by the Debtor (the "**Top Talc Counsel List**"). Concurrently with this petition, the Debtor has filed a motion seeking authority to file this Top Talc Counsel List in lieu of a list of the 20 largest unsecured creditors.[1]  This list does not include any person or entity who is an "insider" under section 101(31) of title 11 of the United States Code.  The Top Talc Counsel List was prepared with information existing as of the date hereof.  The Debtor reserves the right to amend the Top Talc Counsel List based on additional information it may identify.  The information contained in the Top Talc Counsel List shall not constitute an admission by, nor shall it be binding on, the Debtor.

| Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim: If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 Arnold & Itkin LLP 1401 McKinney St., Ste. 2250 Houston, TX 77010 | Kurt Arnold, Caj Boatright, Roland Christensen, Jason Itkin (713) 222-3800 E-mail: cboatright@arnolditkin.com christensen@arnolditkin.com jitkin@arnolditkin.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 2 Ashcraft & Gerel, LLP 4900 Seminary Road Alexandria, VA 22311 | James Green, Patrick Lyons, Michelle Parfitt (703) 931-5500 Email: jgreen@ashcraftlaw.com plyons@ashcraftlaw.com mparfitt@ashcraftlaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 3 Aylstock, Witkin, Kreis & Overholtz, PLLC 17 East Main St., Ste. 200 PO Box 12630 Pensacola, FL 32502 | Mary Putnick, Daniel Thornburgh (850) 916-7450 E-mail: marybeth@putnicklegal.com Dthornburgh@awkolaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 4 Barnes Firm 420 Lexington Ave., Ste. #2140 New York, NY 10170 | Joe Vazquez (800) 800-0000 E-mail: joe.vazquez@thebarnesfirm.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 5 Beasley Allen Law Firm 218 Commerce Street Montgomery, AL 36104 | Charlie Stern (334) 269-2343 E-mail: charlie.stern@beasleyallen.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

[1] This list is in substantially the same form as Official Bankruptcy Form 204 for chapter 11 cases setting forth the list of creditors, other than insiders, who have the 20 largest unsecured claims against a debtor.

Debtor Name:  LTL Management LLC                                    Case Number (if known): _____

| Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6   Cellino Law LLP 800 Delaware Ave. Buffalo, NY 14209 | Brian Goldstein (716) 281-5618 E-mail: brian.goldstein@cellinolaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 7   Dalimonte Rueb Stoller, LLP 1250 Connecticut Ave. NW Ste. 200 Washington, DC 20036 | John A. Dalimonte, Jennifer Orendi, Gregory Rueb (202) 883-8334 E-mail: john@drlawll.com jorendi@drlawllp.com greg@drlawllp.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 8   Dean Omar Branham Shirley, LLP 302 N. Market St., Ste. 300 Dallas, TX 75202 | Jessica Dean (214) 722-5990 E-mail: jdean@dobslegal.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 9   Driscoll Firm, LLC 1 South Church Street, 3rd Floor Belleville, IL 62220 | John Driscoll (314) 932-3232 | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 10  Fears Nachawati Law Firm 5473 Blair Road Dallas, TX 75231 | Darren McDowel (866) 705-7584 E-mail: dmcdowell@fnlawfirm.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 11  Ferraro Law Firm 600 Brickell Ave., Ste. 3800 Miami, FL 33131 | Leslie Rothenberg, Jose Becerra (305) 375-0111 E-mail: lbr@ferraroaw.com JLB@ferrarolaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 12  Flint Law Firm LLC 222. E. Park St., Ste. 500 PO Box 189 Edwardsville, IL 62034 | Ethan Flint (618) 288-4777 E-mail: eflint@flintlaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 13  Golomb Spirit Grunfeld, P.C. 1835 Market St., Ste. 2900 Philadelphia, PA 19103 | Richard Golomb, Andrew Spirit, Kenneth Grunfeld (215) 278-4449 E-mail: kgrunfeld@golombhonik.com rgolomb@golombhonik.com aspirt@golombhonik.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 14  Gori Law Firm 156 N. Main Street Edwardsville, IL 62025 | D. Todd Matthews, Beth Gori, Sara Salger (618) 659-9833 E-mail: todd@gorijulianlaw.com beth@gorijulianlaw.com sara@gorijulianlaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 15  Honik LLC 1515 Market St., Ste. 1100 Philadelphia, PA 19102 | Ruben Honik, David Stanoch (267) 435-1300 E-mail: ruben@honiklaw.com david@honiklaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

Debtor Name:  LTL Management LLC                                              Case Number (if known): _____

| Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16  Johnson Law Group 2925 Richmond Ave., Ste. 1700 Houston, TX 77098 | Blake Tanase, Basil Adham (713) 626-9336 | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 17  Karst & von Oiste LLP 23923 Gosling Rd., Ste. A Spring, TX 77389 | Eric Karst (281) 970-9988 E-mail: epk@karstvonoiste.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 18  Kazan, McClain, Satterly & Greenwood PLC 55 Harrison St., Ste. 400 Oakland, CA 94607 | Joseph Satterley (510) 302-1000 E-mail: jsatterley@kazanlaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 19  Lanier Law Firm 21550 Oxnard Street, 3rd Floor Woodlands Hills, CA 91367 | Michael A. Akselrud (310) 277-5100 E-mail: Michael.Akselrud@LanierLawFirm.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 20  Levy Konigsberg LLP 101 Grovers Mill Rd., Ste. 105 Lawrence Twp, NJ 08648 | Moshe Maimon (609) 720-0400 E-mail: mmaimon@levylaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 21  Maune Raichle Hartley French & Mudd, LLC 1015 Locust St., Ste. 1200 St. Louis, MO 63101 | T. Barton French (314) 244-1397 E-mail: bfrench@mrhfmlaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 22  Miller Firm, LLC 108 Railroad Ave. Orange, VA 22960 | Curtis G. Hoke (540) 672-4224 E-mail: choke@millermiller.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 23  Motley Rice LLC 50 Clay St., Ste. 1 Morgantown, WV 26501 | John D. Hurst (304) 413-0457 E-mail: jhurst@motleyrice.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 24  Napoli Shkolnik PLLC 919 North Market St., Ste. 1801 Wilmington, DE 19801 | James Heisman, Christopher LoPalo (844) 230-7676 E-mail: clopalo@napolibern.com JHeisman@napliLaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 25  OnderLaw, LLC 110 East Lockwood, 2nd Floor St. Louis, MO 63119 | James Onder (314) 963-9000 E-mail: onder@onderlaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 26  Simmons Hanly Conroy LLC 112 Madison Avenue New York, NY 10016 | James Kramer (212) 784-6400 E-mail: jkramer@simmonsfirm.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 27  Simon Greenstone Panatiere Bartlett, PC 1201 Elm St., Ste. 3400 Dallas, TX 75204 | Chris Panatier (214) 276-7680 E-mail: cpanatier@sgpblaw.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

Debtor Name:  LTL Management LLC                               Case Number (if known): _____

| Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 Trammell PC 3262 Westheimer Rd., Ste. 423 Houston, TX 77098 | Fletcher V. Trammell (800) 405-1740 E-mail: fletch@trammellpc.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 29 Weitz & Luxenberg, P.C. 700 Broadway New York, NY 10003 | Danny Kraft (212) 558-5500 E-mail: dkraftjr@weitzlux.com | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 30 Williams Hart Law Firm 8441 Gulf Freeway, Ste. 600 Houston, TX 77017 | John Boundas, Sejal Brahmnhatt, Walt Cubberly, Margot Trevino (713) 230-2200 | Talc Personal Injury | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

NAI-1519811835

**Fill in this information to identify the case and this filing:**

Debtor Name _LTL Management LLC_

United States Bankruptcy Court for the: _Western_ District of _North Carolina_
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ *Amended Schedule* _____

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

■ Other document that requires a declaration List of 30 law firms with the most significant representations of talc claimants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _10/14/2021_                    ✖ */s/ John K. Kim*
MM / DD / YYYY                                      Signature of individual signing on behalf of debtor

                                                                  John K. Kim
                                                                  Printed name

                                                                  Chief Legal Officer
                                                                  Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-_____ |
| Debtor. | |

## MASTER CREDITORS LIST

LTL Management LLC, as debtor in the above-captioned chapter 11 case (the "Debtor"), filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code (the "Voluntary Petition"). In accordance with Rule 1007(a) of the Federal Rules of Bankruptcy Procedure, the Debtor filed concurrently herewith a matrix of the names and addresses of creditors, potential creditors and other parties in interest (the "Master Creditors List"). The Master Creditors List has been prepared from the books and records of the Debtor or its predecessor, and contains only those parties whose names and addresses were maintained in the databases of the Debtor or its predecessor or were otherwise readily ascertainable by the Debtor prior to the commencement of this chapter 11 case. The Debtor will update the Master Creditors List as more information becomes available.

Contemporaneously with the filing of the Voluntary Petition, the Debtor filed a motion (the "Motion") requesting, among other things, authority to serve all notices, mailings or other documents required to be provided to creditors who are claimants in talc-related lawsuits or other proceedings involving the Debtor, or who have similar claims asserted through counsel (collectively, the "Talc Claimants"), on the Talc Claimants in care of their counsel at such counsel's address in lieu of service on the individual Talc Claimants at their personal addresses. Accordingly, the Master Creditors List includes the addresses of counsel for each of the Talc Claimants rather than the addresses of each individual Talc Claimant.

Certain of the creditors listed on the Master Creditors List may not hold outstanding claims against the Debtor and therefore may not be creditors in the Debtor's bankruptcy case. By filing the Master Creditors List, the Debtor is not acknowledging that any listed party is a creditor, nor is it waiving or otherwise affecting its right to object to the extent, validity or enforceability of the claims, if any, held or asserted by the parties listed on the Master Creditors List.

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**Fill in this information to identify the case and this filing:**

Debtor Name  LTL Management LLC

United States Bankruptcy Court for the:  Western    District of  North Carolina
(State)

Case number (*If known*):

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration Master Creditors List

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/14/2021        ✖ */s/ John K. Kim*
MM / DD / YYYY        Signature of individual signing on behalf of debtor

John K. Kim
Printed name

Chief Legal Officer
Position or relationship to debtor

---